# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50927
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL ZUNIGA-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-194-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abel Zuniga-Navarro appeals the 108-month sentence he received for his illegal reentry conviction.  He contends, for the first time on appeal, that his sentence is procedurally and substantively unreasonable.

Zuniga-Navarro fails to show any procedural error, much less plain error.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  The record reflects

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50927

that the district court explicitly and implicitly weighed the 18 U.S.C. § 3553(a) factors. The district court did not err by weighing some Section 3553(a) factors more heavily than others. *See United States v. Hernandez*, 633 F.3d 370, 375–76 (5th Cir. 2011). The district court's comments regarding another defendant can be construed as expressing its view that the quantity of drugs involved in a defendant's prior criminal history does not necessarily minimize the significance of that criminal history or the likelihood that the defendant will commit further crimes, which are not improper considerations under Section 3553(a). *See* § 3553(a)(1), (2)(C). Zuniga-Navarro's conclusional contention that the district court failed to adequately explain the sentence is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

There is no error, plain or otherwise, with respect to the substantive reasonableness of his sentence. *See United States v. Peltier*, 505 F.3d 389, 390–92 (5th Cir. 2007). Zuniga-Navarro's arguments do not show a clear error of judgment on the district court's part in balancing the Section 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He is essentially requesting that we reweigh the Section 3553(a) factors, which we may not do. *See Gall*, 552 U.S. at 51. Accordingly, he has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Mondragon-Santiago*, 564 F.3d at 366–67; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.